# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ASHISH SEN and COLLEEN SEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC.<br><br>Defendant. | No. 07 C 6519<br><br>Judge James B. Moran<br><br>Magistrate Judge Nan R. Nolan<br><br>**JURY TRIAL DEMANDED** |

## MOTION FOR CLASS CERTIFICATION

Plaintiffs, Ashish Sen and Colleen Sen ("Plaintiffs"), hereby move this Court pursuant to Federal Rule of Civil Procedure 23 for an order certifying the following Classes:

Under the New Jersey Consumer Fraud Act, warranty and unjust enrichments claims:

All persons or entities in the United States who purchased or leased a Model Year 2002 to 2006 Mercedes-Benz vehicle equipped with an analog-only Tele Aid system ("nationwide class").

Under the Illinois Consumer Fraud Act claims:

All persons or entities in the State of Illinois who purchased or leased a Model Year 2002 to 2006 Mercedes-Benz vehicle equipped with an analog-only Tele Aid system ("Illinois class").

The Class members are so numerous and dispersed throughout the State of Illinois and across the country such that joinder of all members is impracticable.   While the exact number

and the identities of the Class members are unknown at this time, the proposed class is sufficiently numerous as hundreds of thousands of consumers purchased Mercedes vehicles with analog-only Tele Aid systems. Class members, can be identified by, *inter alia*, information and records maintained by Defendant. Thus, individual joinder is impracticable, and the requirement of numerosity under 735 ILCS 5/2-801(1) is satisfied.

There are questions of law and fact common as to all the members of the Class, that predominate over questions, if any, that may affect only individual members, because Defendant has acted on grounds generally applicable to the entire class, thus satisfying Federal Rule of Civil Procedure 23(b)(3). The predominate questions of law and/or fact are as follows:

1. Whether MBUSA failed to provide consumers with material information regarding their analog-only Tele Aid systems, namely, that the systems would become obsolete and would require significant costs to the consumer to continue providing emergency and communication services;

2. Whether Class members are entitled to an upgrade of their analog-only systems by MBUSA at no cost;

3. Whether Defendant knew that all analog-only Tele Aid systems would become obsolete after December 31, 2007, or earlier, and concealed this fact from Plaintiffs and the Class members;

4. Whether Plaintiffs and the Class sustained damage and loss as a result of Defendant's conduct as alleged herein;

5. The scope, extent, and measure of damages and equitable relief that should be awarded; and

6. The amount of attorneys' fees, prejudgment interest, and costs of suit to which the Class is entitled.

In accordance with FRCP 23(a)(4), Plaintiffs will fairly and adequately represent the interests of the Class. In addition, Plaintiffs' counsel are experienced and competent in the prosecution of complex class action litigation.

Finally, class action treatment is the appropriate method for the fair and efficient adjudication of this controversy, pursuant to FRCP 23(a) because:

    a.    such treatment will permit a large number of similarly situated owners and lessees of Mercedes to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that numerous individual actions would engender;

    b.    when the liability of Defendants has been adjudicated, claims of all Class members can be administered efficiently under the direction of or as determined by this Court; and

    c.    the benefits of proceeding through the class mechanism substantially outweigh any difficulties that may arise in the management of this class action.

**WHEREFORE**, for the reasons stated herein, Plaintiffs pray that this Court enter an order: (1) certifying the Classes; (2) certifying Plaintiffs as Class Representatives; and (3) designating Plaintiffs' counsel as Class Counsel.

Dated:  December 12, 2007                    Respectfully submitted,

                                        By _/s/ Lori A. Fanning_
                                            Marvin A. Miller
                                            Lori A. Fanning
                                            Matthew E. Van Tine
                                            **Miller Law LLC**
                                            115 S. LaSalle Street
                                            Suite 2910
                                            Chicago, IL  60603
                                            (312) 332-3400
                                            Facsimile: (312) 676-2676

Tracy D. Rezvani
**FINKELSTEIN THOMPSON LLP**
The Duval Foundry
1050 30th Street, NW
Washington, D.C. 20007
Telephone:  (202) 337-8000
Facsimile:  (202) 337-8090

Rosemary M. Rivas
Mark Punzalan
**FINKELSTEIN THOMPSON LLP**
100 Bush St., Suite 1450
San Francisco, California 94104
Telephone:  (415) 398-8700
Facsimile:   (415) 398-8704